# United States District Court

RECEIVED
MAR 2 2 2011
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

SOUTHERN _____ DISTRICT OF _____ IOWA

UNITED STATES OF AMERICA

V.

BRIAN REYNOLDS

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:11-mj-19

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

**Count 1**

From sometime in 2008 and continuing until January 30, 2009, in the Southern District of Iowa, the defendant, Brian Reynolds, did use facilities of interstate and foreign commerce, that is, the Internet, to attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, a 14-year old girl, to engage in sexual activities for which a person could be charged with a criminal offense in violation of Title 18, United States, Section 2422(b)

**Count 2**

From sometime in 2008 and continuing until January 30, 2009, in the Southern District of Iowa, the defendant, Brian Reynolds, did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, 18 USC §§2251(a) & (e).

I further state that I a Special Agent with the Federal Bureau of Investigation and that this Complaint is based on the following facts:

See Affidavit attached and incorporated

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

James E. McMillan, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

March 22, 2011 _____ at Davenport, Iowa _____
Date                                                City and State

Thomas J. Shields
Chief U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

AFFIDAVIT

UNITED STATES OF AMERICA    )
                            ) ss
SOUTHERN DISTRICT OF IOWA   )

Your affiant, JAMES E. McMILLAN, Special Agent, Federal Bureau of Investigation, first being duly sworn, hereby deposes and states:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) currently assigned to the FBI Omaha Division, Quad Cities Resident Agency. The assertions in this affidavit are based upon my involvement in the investigation of Brian Reynolds (Reynolds), discussions with detectives of the Muscatine (Iowa) Police Department (MPD), and additional investigation conducted by MPD. This affidavit is made in support of a criminal complaint charging Reynolds with offenses under Title 18, United States Code, Sections 2252(a)(2) and 2422(b), that is, Certain activities relating to material involving the sexual exploitation of minors and Coercion and enticement, respectively.

2. I have set forth only the facts that I believe are necessary to establish probable cause to conclude that Reynolds, who was born in 1967, has committed violations of Title 18, United States Code, Sections 2252(a)(2) and 2422(b) and that these offenses occurred within the Southern District of Iowa. The allegations are based upon events and information summarized below.

3. On February 1, 2009, MPD was contacted by a 14-year-old female, referred to hereafter as "the minor complainant," who claimed to have a 14-year-old female friend in Muscatine, Iowa, hereafter referred to as "the Child." The minor complainant told MPD she and the Child communicated via the Internet. The Child told the minor complainant that she had performed oral sex on Brian Reynolds. The minor complainant did not know anything about the events, but felt it needed to be reported to the police.

4. MPD initiated an investigation involving the possible sexual abuse of the Child. MPD identified the Child and established her age as 13 years old at the time of the alleged offense. MPD subsequently interviewed the Child. The Child told MPD she had been chatting online with Reynolds and knew him because she was in the same grade as Reynolds's daughter. The Child advised she was online chatting with Reynolds on January 30, 2009 when Reynolds convinced her to leave her house and meet him down the street. Reynolds picked up the Child in a white vehicle. Once in the car, Reynolds began kissing the Child and petting her breasts and genital area over her clothes. Reynolds then petted her under the clothes and digitally penetrated her vagina. Reynolds eventually disrobed the Child and performed oral sex on her. The Child in turn performed oral sex on Reynolds and he ejaculated in her mouth. In addition to the sexual contact with Reynolds, the Child advised Reynolds asked her to take pictures of herself and send them to him, which she did. Some of the pictures showed the Child's genitals and exposed breasts.

5. MPD obtained the computer used by the Child to communicate with Reynolds and the digital camera used by the Child to photograph herself. They also obtained what they believed at the time to be the clothing worn by the Child during the sexual encounter with Reynolds. The computer and digital camera were subsequently

provided to, and forensically examined by, the FBI.

6. On February 5, 2009, MPD executed a search warrant at Reynolds's residence in Muscatine, Iowa, which was the residence of Reynolds. During this search, MPD seized two computers, a digital camera, other electronic media, and media-related items. These items were subsequently provided to, and forensically examined by, the FBI.

7. On February 7, 2011, the FBI and MPD re-interviewed the Child. The Child advised she was introduced to Reynolds by Reynolds's daughter. The Child was friends with Reynolds's daughter and they talked a lot. Sixth grade was an awkward year for the Child and she shared some of her problems with Reynolds's daughter. Reynolds's daughter told the Child she could talk to Reynolds if she ever needed to talk to someone and gave Reynolds's e-mail address to the Child. Reynolds and the Child began communicating via e-mail near the end of her sixth grade. They also communicated via MySpace and Yahoo! instant messaging (IM). The child utilized a Yahoo! e-mail address and Reynolds utilized the e-mail address crkdcophatr@yahoo.com.

8. The Child advised she and Reynolds had contact over the Internet at least three times a week and their online interactions were initially friendly. Reynolds complimented the Child and she started to like him because he was paying attention to her. Eventually, the content of their communication became more serious and Reynolds asked the Child to send him pictures of her. The Child initially sent benign pictures, but Reynolds eventually asked for topless pictures of the Child and offered to send naked pictures of himself.

9. The Child advised she took naked pictures of herself and sent them to Reynolds by e-mail and IM. She sent two or three at a time and may have sent a total of approximately 20. Most of the pictures she sent were topless, but some of the pictures showed her full front. The Child remembers Reynolds commenting that her "private parts" looked nice. Reynolds was more complimentary after the Child sent him the pictures. Reynolds and the Child engaged in "sexting" while they were sending "adult-type" pictures back and forth.

10. The Child advised Reynolds asked her to come over to his house at least five separate times. After exchanging pictures for approximately one month, the Child agreed to meet Reynolds. On the day they eventually met, Reynolds sent the Child an IM asking her to meet him. The Child was in 7th grade at this point. Reynolds directed the Child to meet him a few blocks from her house. Between 9:00pm and 11:00pm, the Child met Reynolds, who was driving a car. She got in the car, they drove to a different neighborhood, and parked on a residential street.

11. The Child advised Reynolds started touching the Child's leg and moved his hand up toward her private area. He eventually pulled the Child's pants down to around her knees. Reynolds was "kissing (the Child's) private area," then asked her to do the same for him. The Child was hesitant and asked him why. Reynolds said it would make her feel better and would make him happier. They talked about this for a couple minutes and it was "kind of a persuading thing." The Child just wanted to get it over and done with. The Child put Reynolds's penis in her mouth. It lasted at least a minute. The Child was trying to get away from Reynolds's penis while he ejaculated, but Reynolds was trying to hold her head down with his hand. Reynolds only partially ejaculated in the Child's mouth because she was trying to pull away. The Child advised Reynolds dropped her off near her house and she arrived home before midnight.

12. Eight photographs of the Child were found in one of Reynolds's computers during the forensic computer examination conducted by the FBI. Four of the photographs show the Child clothed and four show the Child's exposed breasts. In one photograph, the Child is completely nude and her hand is placed in her genital area. Six of the eight images in Reynolds's computer were labeled as "Yahoo profile icons," which indicates these images were transmitted over the Internet via Yahoo!. Three of these six profile icons show the Child's exposed breasts.

13. Yahoo! messenger chat log events were located during the forensic examination of one of Reynolds's computers. Between January 2, 2009 and February 2, 2009, there were 38 chat events involving the Yahoo! user name crkdcophatr and the user name used by the Child. Forensic examination also located a Yahoo! messenger archive folder labeled with the Child's user name, which was deleted from Reynolds's computer. An archive folder stores all chats between two Yahoo! users on a user's computer hard drive, thus allowing one user to review all previous chats with another user. The date/time data from Reynolds's computer showed this archive folder was last accessed and modified January 30, 2009 at 11:32:26 pm, which is the same night as the sexual contact between Reynolds and the Child.

14. The FBI also conducted a forensic examination of the computer used by the Child. The eight photographs of the Child found in Reynolds's computer were also located in the computer used by the Child.

15. Based on the foregoing information, the affiant submits there is probable cause to believe Reynolds utilized the Internet, which is a facility of interstate commerce, to persuade, induce, or entice the Child, who had not yet attained the age of 18, to engage in sexual activity for which Reynolds could be charged with a criminal offense (third degree sexual abuse in the State of Iowa), thus violating Title 18, United States Code, Section 2422(b).

16. The affiant further submits there is probable cause to believe Reynolds utilized the Internet, which is a facility of interstate commerce, to entice the Child to produce, or attempt to produce, visual depictions of the Child engaged in sexually explicit conduct and transmit said visual depictions over the Internet in violation of Title 18, United States Code, Section 2251(a)& (e). Also, Reynolds knowingly received, or attempted to receive, visual depictions of the Child engaged in sexually explicit conduct, thus violating Title 18, United States Code, Section 2252(a)(2).

James E. McMillan, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed in my presence this 22nd day of March 2011.

Thomas J. Shields
Chief U.S. Magistrate Judge